UNITED STATES of America,
Plaintiff-Appellant,

v.

John J. VON MOOS, Defendant-Appellee.

No. 81–1212.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 6, 1981.

Decided Nov. 6, 1981.

Stephen Cooper, Asst. U. S. Atty., Fairbanks, Alaska, for plaintiff-appellant.

Ralph Beistline, Fairbanks, Alaska, for defendant-appellee.

Before BROWNING, Chief Judge, WRIGHT, Circuit Judge, and THOMPSON,* District Judge.

PER CURIAM:

John Von Moos committed perjury during the course of his trial for bank robbery. The district judge stated that in sentencing Von Moos on the bank robbery conviction he took Von Moos's perjury into consideration in two ways: "One way on his credibility as he testified at the imposition of sentence; and the other is at the time I imposed the sentence I considered it in evaluating what the sentence should have been."

Later Von Moos was indicted for the perjury. He pleaded guilty and came on for

---

* Honorable Bruce R. Thompson, Senior Judge, United States District Court for the District of Nevada, sitting by designation.

sentencing before the district judge. The district judge entered an order stating as follows:

> At time of sentencing the defendant in the bank robbery case this Court specifically considered the defendant's perjury committed at said trial, with the effect that his sentence on the bank robbery was greater than it would have been had the perjury not been considered. In view of this finding:

> IT IS HEREBY ORDERED that this Court is without legal authority to enter any sentence against the defendant for the present perjury charge to which he has pleaded guilty, in that to do so would constitute double punishment of said defendant on the account of his perjury.

On the basis of this order the case was closed. The government appealed.

## I

 This court may entertain a government appeal from a final decision in a criminal case limited only by the double jeopardy clause. 18 U.S.C. § 3731; *United States v. Hetrick*, 644 F.2d 752, 754–55 (9th Cir. 1980). Jeopardy attaches in the double punishment context when the defendant begins serving the sentence. *See United States v. Ford*, 632 F.2d 1354, 1380 (9th Cir. 1980). Because Von Moos has not begun serving a sentence pursuant to the challenged order, jeopardy has not attached. If we were to reverse and remand for sentencing, the sentence on remand would not constitute double jeopardy.

A "final decision" is required as a predicate to appellate jurisdiction. "In criminal cases, as well as civil, the judgment is final for the purpose of appeal 'when it terminates the litigation ... on the merits' and 'leaves nothing to be done but to enforce by execution what has been determined.'" *Berman v. United States*, 302 U.S. 211, 212–13, 58 S.Ct. 164, 165–66, 82 L.Ed. 204 (1937) (*quoting St. Louis, I. M. & S. R. Co. v. Southern Express*, 108 U.S. 24, 2 S.Ct. 6, 27 L.Ed. 638 (1883)); *accord, United States v. Carnes*, 618 F.2d 68 (9th Cir. 1980). The order appealed from in this case is final within this definition. The district judge

has declared that he is without legal authority to impose a sentence. He has left nothing further to be done. The case has been closed. The lack of a formal judgment does not strip the court's order of its "independence and completeness", *United States v. United States District Court*, 601 F.2d 379, 380 (9th Cir. 1978).

## II

In *United States v. Wise*, 603 F.2d 1101, 1104 (4th Cir. 1979) the court held there was no double jeopardy in sentencing the defendant for perjury even though the perjury had been considered by the court in sentencing the defendant for a drug offense. The result is compelled by *United States v. Grayson*, 438 U.S. 41, 52–54, 98 S.Ct. 2610, 2616–17, 57 L.Ed.2d 582 (1978) which rejected the contention that taking account of trial perjury in sentencing constitutes punishment for perjury. If considering trial perjury in sentencing does not constitute punishment for perjury, a subsequent sentence for perjury cannot constitute a second punishment.

REVERSED AND REMANDED.