**UNITED STATES of America, Plaintiff,**

v.

**Alvaro MENDOZA, et al., Defendants.**

**Crim. A. No. 87–5.**

United States District Court,
D. New Jersey.

July 7, 1987.

Rene A. Sotorrio, Coral Gables, Fla., for defendant Alvaro Mendoza.

Peter Harvey, Asst. U.S. Atty., Newark, N.J., for Government.

Howard Brownstein, Brownstein, Booth, Barry & Diaz, Jersey City, N.J., for defendant Luis Mena.

Larry Lustberg, Federal Public Defender, Newark, N.J., for defendant Kevin Ford.

Alan Zegas, West Orange, N.J., for defendant Kenneth Pagliaroli.

## OPINION

SAROKIN, District Judge.

Defendant, Alvaro Mendoza, one of multiple defendants in this criminal proceeding, moves for mandatory immediate release from pre-trial custody pursuant to the provisions of 18 U.S.C. § 3164, alleging that he has been in continuous detention awaiting trial in excess of ninety days and that "through no fault of his own, his trial has not commenced". 18 U.S.C. § 3164(c). Relying on that portion of § 3164(c) which provides that "[n]o detainee ... shall be held in custody pending trial after the expiration of such ninety-day period required for the commencement of his trial", defendant argues that, as a matter of law, he is entitled to be released.

Recognizing that the statutory mandate compels this court to extend defendant's detention for a "reasonable" period, the court must deny defendant's motion as a matter of law. Nevertheless, in light of the significant additional delay anticipated prior to trial, due process requires, at a minimum, that the court grant defendant Mendoza an automatic review of the detention determination, placing a heightened burden of proof upon the government to justify continued detention.

## BACKGROUND

■ On January 16, 1987, defendant Alvaro Mendoza, and seven others, were indicted by a federal grand jury on charges of conspiracy to distribute cocaine and unlawful use of the telephone in furtherance of narcotics activities. On January 22, 1987 defendant Mendoza was arraigned before this court. Upon application by the government, the court ordered Mendoza detained without bail pursuant to 18 U.S.C. § 3142(e), finding that the defendant posed a serious risk of flight. Accordingly, Mendoza's continuous custody on federal charges began on January 22, 1987.[1]

---

1. Defendant Mendoza contends that his incarceration, for purposes of this motion, began on December 23, 1986 when he was taken into state custody at the Hudson County jail. According to Mendoza, his state detention resulted from a joint investigation by Hudson County and the Drug Enforcement Agency ("DEA"). Arguing that the federal government was thus "party" to his state arrest, Mendoza urges this court to compute the relevant incarceration period beginning in December 1986.

The court rejects Mendoza's reasoning finding that the ninety-day period relevant to 18 U.S.C. § 3164 does not begin to run until the defendant is in federal custody pursuant to a pre-trial detention order issued by a federal judicial officer. *See United States v. Ferrs*, 503 F.Supp. 187 (E.D.Pa.1980) *aff'd* 676 F.2d 688 (1982) (a defendant does not become an "accused" for Speedy Trial Act purposes until he is under federal arrest); *see also United States v. Mejias*, 417 F.Supp. 585, 591 n. 6 (S.D.N.Y.) *aff'd* 552 F.2d 435 (2d Cir.1976), *cert. denied*, 434 U.S.

■ Pursuant to 18 U.S.C. § 3164, Mendoza was entitled to trial commencing "not later than ninety-days" following his detention, or April 22, 1987. Specifically, § 3164(c) provides that "[f]ailure to commence trial of a detainee ... through no fault of the accused or his counsel, ... shall result in the automatic review by the court of the conditions of release. No detainee ... shall be held in custody pending trial after the expiration of [a] ninety-day period ...".[2] Defendant Mendoza had neither filed pre-trial motions, nor joined in any co-defendants' motions, prior to April 22, 1987. The court finds that the failure to proceed to trial by April 22, 1987 was in no way attributable to defendant's conduct, or that of his counsel.

By order dated April 15, 1987, the court granted the government's application to exclude the period from January 22, 1987 to March 31, 1987 from computation for purposes of the Speedy Trial Act based on a finding that the ends of justice served by excluding this time outweigh the best interests of the public and the defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(8). The court reached this conclusion in large part because co-defendants Alvaro Echeverri, Rodrigo Echeverri and Kenneth Pagliaroli were not represented by counsel during most of the time period in issue. Neither defendant Mendoza, nor his counsel, in any way contributed to the need for this continuance.

In addition, time for trial has been tolled by the filing of pre-trial motions. On May 18, 1987, more than three weeks after the expiration of the ninety-day limitation mandated by § 3164, defendant Mendoza joined in the omnibus pre-trial motions earlier filed by co-defendant Mena. Hearing on these motions currently pending before the

court has been delayed by stipulation of counsel until September 14, 1987.

Pursuant to the government's application, in consultation with defense counsel, trial in this matter is set to commence September 28, 1987.

DISCUSSION

The court recognizes that the protections afforded those detained and awaiting trial under 18 U.S.C. § 3164 are not absolute. By legislative amendment in 1979 Congress expressly rewrote § 3164 to exclude the "periods of delay enumerated in section 3161(h) [of the Speedy Trial Act]" from computation of the ninety-day pre-trial incarceration limitation.

In moving for his release, defendant Mendoza argues that the application of these exclusions is limited by the language of § 3164(c), which mandates a pre-trial detainee's release if he has been detained longer than ninety days "through no fault of the accused or his counsel". Mendoza suggests that, to give effect to § 3164(c), the only § 3161(h) exclusions that apply are those that can be attributed to Mendoza's affirmative conduct. Finding the language of the statute to the contrary, the court cannot agree.

■ Among the periods of delay tolerated by § 3161(h), and therefore excludable under § 3164, is a "reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted". 18 U.S.C. § 3161(h)(7). By incorporating the § 3161(h)(7) exclusion into § 3164, Congress clearly contemplated some enlargement of the ninety-day limit on pre-trial incarceration to accomodate delay attributable to co-defendants' conduct.[3] Though a

847, 98 S.Ct. 154, 54 L.Ed.2d 115 (1977) (dual sovereignty requires that the federal government be in no way be bound by the action of the state prosecutorial authorities absent "a clear showing of federal intrusion into, and control over state decision-making processes").

**2.** Section 3164 provides in other relevant part:
(a) The trial or other disposition of cases involving (1) a detained person who is being held in detention solely because he is awaiting trial, ... shall be accorded priority.

(b) The trial of any person described in subsection (a)(1) ... of this section shall commence no later than ninety-days following the beginning of such continuous detention ... The periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in this section.

**3.** Mendoza relies heavily on the case of *United States v. Tirasso,* 532 F.2d 1298 (9th Cir.1976) for the proposition that delay not directly attributable to a detained defendant or his counsel

defendant's blamelessness in contributing to the delay should be considered in determining what constitutes a "reasonable" extension of his detention, where as here, there are multiple co-defendants, no severance has been requested and the co-defendants time for trial has not run, the statute purposefully precludes mandatory release at the expiration of ninety days.

The Third Circuit interpreting § 3161(h)(7)'s legislative history has discerned "a strong congressional preference for joint trial and an intention that delays resulting from joinder of co-defendants be liberally excluded" *United States v. Novak*, 715 F.2d 810, 814 (3d Cir.1983) *cert. denied* 465 U.S. 1030, 104 S.Ct. 1293, 79 L.Ed.2d 694 (1983). Consistent with Congressional intent, the Third Circuit has held that "an exclusion applicable to one defendant applies to all co-defendants", subject to a reasonableness constraint. *Id.* at 815. *See also United States v. Piteo*, 726 F.2d 53 (2nd Cir.1984) (a delay attributable to any defendant is chargeable to a "single controlling trial clock").

In *United States v. Accetturo*, 783 F.2d 382 (3d Cir.1986), the court extended this "liberal" tolerance of excludable delay to circumstances where one, or more, of the co-defendants were detained pursuant to § 3164. The court reasoned that "the same construction of the excludable time provisions of section 3161 [applied to at-large defendants whose trial, under the Act, should begin within 70 days of the indictment] is inevitable even for detainees". *Id.* at 395 (Sloviter, concurring in part).

■ Given the Third Circuit's liberal tolerance of delay resulting from the joinder of co-defendants, this court is compelled to find that it was "reasonable" for Mendoza to continue to be incarcerated at least until May 18, 1987, three weeks after the expiration of the ninety-day limit imposed by § 3164, at which time he joined in the omnibus pre-trial motions filed by defendant Mena. However, by joining in these motions, Mendoza further prolonged his detention. Pursuant to § 3161(h)(1)(F), delay resulting from any pre-trial motion, commencing with the filing of the motion through the conclusion of the hearing— now set for September 14, 1987—may be excluded from the ninety-day computation. Moreover, § 3161(h)(1)(J) permits an additional thirty day delay while the court takes the motion under advisement. Thus, under a technical application of the statute, Mendoza's pre-trial incarceration may be extended until the commencement of trial in September 1987, a total of more than nine months detention.

The protections afforded by § 3164 have been rendered illusory by incorporating the periods of excludable time enumerated in § 3161(h) in computing the ninety-day detention limitation. This court cannot condone the continued incarceration of a defendant for nine months awaiting trial. Nor does the court believe that it was Congress' intention in amending § 3164 to impose such a Draconian result. The legislative history of the 1979 amendment incoporating § 3161(h)'s excludable delays into § 3164 makes clear the Congressional concern with excessive involuntary prolongation of pre-trial detention.

The committee points out that this recommendation for making the provisions of § 3161(h) specifically applicable to detention and high risk defendants is being offered in a bill which expands those provisions for exclusions and continuances. It is the intention of the committee that courts apply the provisions of § 3161(h) to those cases in such a manner as to extend only to the bare minimum necessary detention of persons in custody ...

H.R.Rep. No. 390, *U.S.Code and Admin News*, 96th Congress, 2nd Session p. 805, 816.

---

may not toll § 3164's detention period. *Tirasso*, decided prior to the 1979 Congressional amendment of § 3164, reasoned that § 3161(h) exclusions could not be read into § 3164. However, as a result of the subsequent amendment explic- itly incorporating § 3161(h) exclusions into § 3164, *Tirasso* no longer has any precedential value. *See also United States v. Theron*, 782 F.2d 1510, 1515 (10th Cir.1986) (analysis of the development of § 3164).

■ The Third Circuit has recognized that the Speedy Trial Act is an imperfect regulator of the length of pre-trial delay as applied to detained defendants explaining that "[i]n some situations 'the Speedy Trial Act might not work perfectly well to protect against lengthy incarceration' and the length of a defendant's pre-trial detention might not survive a proper due process challenge". *United States v. Accetturo, supra* at 387. What might be reasonable delay to accommodate conservation of public resources by trying co-defendants together as an exception to the Speedy Trial Act's seventy-day limit might become unreasonable when a defendant's incarceration is indefinitely prolonged beyond ninety days without an opportunity to make bail. *See United States v. Theron*, 782 F.2d 1510, 1516 (10th Cir.1986). This court believes that the "reasonable delay" exclusion of § 3161(h)(7) has a different meaning and application under § 3164 than under § 3161, because of the different context in which it arises. *Id.* The harm caused by postponing the trial date is not comparable to the harm caused by continued detention.

In circumstances such as Mendoza's, the court must realize that the "Speedy Trial Act was not designed to relieve the due process concerns" implicated by prolonged pre-trial detention. *See United States v. Accetturro, supra*, at 394. (Sloviter, concurring in part). In order to avoid transforming pre-trial detention into a punitive vehicle through excessive prolongation, at some point a pre-trial detainee denied bail must be tried or released. *United States v. Salerno*, —— U.S. ——, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987).[4] The Third Circuit has ruled that where the excessive length of pre-trial detention triggers due process concerns, a district court must, at a minimum, require a "fresh proceeding at which more is required of the government than is mandated by § 3142". *Id.* at 388. "An initial determination under the Bail Reform Act that detention is necessary is without prejudice to a defendant's petitioning for

release at a subsequent time on due process grounds". *Id.*

In addition to the usual concerns relevant in the initial detention decision,—seriousness of the charges, strength of the government's proof, strength of the government's case on the merits—the district court is instructed to consider the length of detention that has in fact occurred, the complexity of the case, and whether the strategy of one side or the other has added needlessly to that complexity, in rendering a judgment as to the appropriateness of release. Moreover, the Third Circuit instructs that "in some cases, the evidence admitted, at the initial detention hearing, evaluated against the background of the pre-trial incarceration and the causes of that duration, may no longer justify detention". *Id.* at 388.

■ Believing that the facts of this case —namely, that the delay in proceeding to trial on or before April 22, 1987 was not attributable to Mendoza, and that if detention is continued Mendoza will be incarcerated for nine months pending trial—indicate that release may be warranted in light of counsel's recent adjournment of the trial, the court orders an immediate hearing to review its initial detention determination. The hearing will be held on Thursday, July 16, 1987 at 9:00 a.m. and the burden will be upon the government to satisfy the court that detention should continue. The government should be prepared to address the conditions of release proposed by counsel for Mendoza in his letter dated June 18, 1987. If however, prior to the hearing date, counsel for the government and defendant Mendoza can reach agreement on an appropriate set of conditions for release that will assure the defendant's presence at trial, no hearing will be necessary.

## CONCLUSION

The law in its present state places the detained defendant in an irreconcilable dilemma. If the accused exercises his consti-

---

4. Recently, the Supreme Court in *United States v. Salerno*, —— U.S. ——, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) stated "[w]e intimate no view as to the point at which detention in a

particular case might become excessively prolonged, and therefore punitive, in relation to Congress' regulatory goal" *Id.*, n. 4.

tutional rights by filing pre-trial motions, he thus extends his period of pre-trial incarceration. This is so even if he is successful on said motions. On the other hand, if he foregoes those motions, he accelerates his trial date, but thereby relinquishes valuable rights and defenses. The chilling effect is obvious.

Moreover, if the defendant elects to make no pre-trial motions in order to assure an early disposition of the charges against him, nonetheless he still faces an adjournment of the trial and extension of his incarceration by reason of the acts of others.

The concept that those presumed to be innocent can be held in custody on the assumption that they will commit further crimes if released poses grave concerns in a free society. Holding that such custody may be extended indefinitely either because the detained defendant exercises his rights or because co-defendants have taken steps to postpone the day of trial threatens to violate the rights of the detained defendant.

### ORDER

This matter having been opened to the court upon application by defendant Alvaro Mendoza, for immediate mandatory release pursuant to the provisions of 18 U.S.C. § 3164(c), and the court having heard oral argument and having considered the written submissions of both parties, for the reasons set forth in the accompanying Opinion filed this day and for good cause shown,

IT IS this 6 day of July, 1987 hereby

ORDERED that the parties appear before this court on July 16, 1987 at 9:00 a.m. for a hearing reconsidering the initial detention decision in light of the due process concerns raised by defendant's continued incarceration pending trial now set for September 28, 1987.