869 F.2d 1498
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
William Michael COSTA, Defendant-Appellant.
 No. 88-5075.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1989.*
Decided Feb. 16, 1989.
 Before FARRIS, FERGUSON, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Costa appeals the denial of his motion to dismiss the indictment charging him with making false statements in violation of 18 U.S.C. Sec. 1001. Costa contends that the district court erred in denying his motion on the ground that the indictment was a violation of his Fifth Amendment right against double jeopardy. We affirm the judgment of the district court.
 
 I.
 
 3
 On April 13, 1987, Costa entered a plea of guilty for aiding and abetting the illegal entry of aliens in violation of 8 U.S.C. Sec. 1325 and 18 U.S.C. Sec. 2, and was thereafter sentenced to three years probation. During those proceedings, Costa had misrepresented to the district court that his name was William M. Montela. Two months later, Costa was charged with violating his probation by failing to report to his probation officer, and was brought before the district court on an Order to Show Cause why probation should not be revoked. At the hearing, Costa admitted to the probation violation. The district court was then informed by the government that Costa had misrepresented his identity to the district court, as well as to the arresting officers and probation department. Moreover, the government pointed out that Costa had a criminal record which the court was not aware of at the time of original sentencing due to this misrepresentation. Following the state's sentencing recommendations, the district court then revoked Costa's probation and sentenced him to the maximum penalty under 8 U.S.C. Sec. 1325 and 18 U.S.C. Sec. 2--a term of 179 days.
 
 
 4
 Shortly thereafter, Costa was indicted on three counts of making false statements, in violation of 18 U.S.C. Sec. 1001. After denial of his motion to dismiss, Costa entered a conditional guilty plea on counts 1 and 3, thus preserving his right to appeal the district court's ruling on his motion. The district court subsequently sentenced Costa to consecutive terms of one year (count 1) and six months (count 3) of imprisonment.
 
 II.
 
 5
 On appeal, Costa contends that double jeopardy principles were violated when the government prosecuted him for false statements, since these statements had been considered by the court in resentencing Costa for aiding and abetting the illegal entry of aliens. Costa's double jeopardy challenge is without merit.
 
 
 6
 Costa simply was not placed in jeopardy at his probation revocation proceedings. Although we agree that the district court took into account Costa's lack of truthfulness (as well as his recently discovered criminal record and pattern of drug use) in imposing the maximum sentence for violations of 8 U.S.C. Sec. 1325 and 18 U.S.C. Sec. 2, such consideration clearly did not constitute "punishment" for false statements within the meaning of the double jeopardy clause. United States v. Van Moos, 660 F.2d 748, 749 (9th Cir.1981) (indictment for perjury not a violation of double jeopardy where trial court had previously considered the defendant's lack of truthfulness when sentencing him for another offense); see also United States v. Wise, 603 F.2d 1101, 1106 (4th Cir.1979) (same).
 
 
 7
 Since the double jeopardy clause does not preclude prosecution for conduct which has been taken into account in determining the appropriate sentence for a separate offense, the district court did not err in denying Costa's motion for dismissal. Costa was not placed in jeopardy for making false statements at the probation revocation hearing, and accordingly the indictment and subsequent conviction against him for making false statements violated no double jeopardy principles.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3