**UNITED STATES of America, Plaintiff,**

v.

**Jeffrey Dean GROCEMAN, Defendant.**

**Nos. CR–94–171–FVS, CR–94–221–FVS.**

United States District Court,
E.D. Washington.

April 5, 1995.

Fed. Public Defender, Beth Bollinger, Federal Defenders, Eastern Washington, Spokane, WA, for defendant Jeffrey Dean Groceman.

Joseph H. Harrington, U.S. Attys. Office, Spokane, WA, for U.S.

### ORDER DENYING MOTION TO VACATE

VAN SICKLE, District Judge.

**THE DEFENDANT** came before the Court on March 15, 1995, based upon his motion to vacate his sentence. He was represented by Ms. Beth Bollinger; the government by Assistant United States Attorney Joseph H. Harrington.

### BACKGROUND

On March 16, 1994, the defendant, his brother, and a friend robbed a bank in Beaverton, Oregon. The three young men got

away with approximately $142,667, which they spent on a variety of things.

By July, 1994, a fourth young man had joined the group. All four were actively preparing to rob a bank in Spokane, Washington, when law enforcement officers arrested them. The arrest occurred on the Fourth of July.

On July 19, 1994, the defendant was charged by indictment with conspiracy to commit armed bank robbery as a result of his knowing participation in the plan to rob a Spokane bank. 18 U.S.C. § 371; 18 U.S.C. § 2113. The indictment was filed under cause number CR–94–171–FVS.

On September 15, 1994, the defendant appeared before Judge William Fremming Nielsen. Several significant events occurred at that hearing: First, the defendant waived indictment, and agreed to plead guilty in this district to an information charging him with armed bank robbery in the District of Oregon. The information was filed under CR–94–221–FVS. Second, pursuant to a written plea agreement, the defendant entered pleas of guilty to both armed bank robbery (the Oregon charge) and conspiracy to commit armed bank robbery (the Washington charge). As part of the written plea agreement in CR–94–171–FVS, the defendant promised to forfeit his interest in any assets purchased with proceeds from the Oregon robbery. (Plea Agreement (Ct.Rec. 27) at 5.) Third, Judge Nielsen accepted both pleas.

At some point after September 15, 1994, the Federal Bureau of Investigation ("FBI") initiated administrative forfeiture proceedings against property which the robbers had purchased with money stolen from the Oregon bank. As part of the process, the FBI mailed two letters to the defendant on October 24, 1994. One advised him of his right to contest the administrative forfeiture of a motor vehicle; the other advised him of his right to contest the administrative forfeiture of a computer. The defendant did not file a claim with the FBI, nor has he taken any other steps to contest forfeiture.[1]

On December 7, 1994, the Court continued sentencing at the defendant's request. The matter was rescheduled for January 26, 1995.

On January 24, 1995, the defendant moved the Court to vacate his criminal convictions on double jeopardy grounds. The defendant asked that the motion be heard on the twenty-sixth of January.

On January 26, 1995, the defendant appeared for sentencing. The Court pronounced sentence, but declined to enter judgment pending resolution of this motion.

## MOTION TO VACATE

It is helpful to identify the premises upon which the defendant's motion is based. First, he maintains that the criminal prosecutions and administrative forfeiture actions referred to above are separate proceedings. *See United States v. $405,089.23 U.S. Currency,* 33 F.3d 1210, 1218 (9th Cir.1994). Second, he submits that both proceedings exact punishment within the meaning of the Double Jeopardy Clause. *See id.* at 1222. Third, he notes that his plea agreement with the government contains a promise not to contest the forfeiture of certain assets. Citing a recent decision from this district, he insists that jeopardy attached to the FBI's administrative forfeiture proceedings when Judge Nielsen accepted the agreement. *See Oakes v. United States,* 872 F.Supp. 817, 827–29 (E.D.Wash.1994) (claimant forfeited interest in home on the date his plea agreement was accepted). Fourth, he argues that jeopardy will not attach to his criminal convictions until he begins serving his sentences. In that regard, he cites both *United States v. Von Moos,* 660 F.2d 748, 749 (9th Cir.1981), and *United States v. Ford,* 632 F.2d 1354 (9th Cir.1980), *cert. denied,* 450 U.S. 934, 101 S.Ct. 1399, 67 L.Ed.2d 369 (1981). From these premises, the defendant concludes that the sentences imposed on January 26, 1995, are an unconstitutional second punishment.

## RULING

### *A. Kennedy and DiFrancesco*

*United States v. Von Moos* says that "[j]eopardy attaches in the double punishment context when the defendant begins serving the sentence." 660 F.2d at 749. As

---

1. As of March 15, 1995, forfeiture proceedings had not been completed.

authority, *Von Moos* cites *United States v. Ford. Ford,* in turn, relies upon *Kennedy v. United States,* 330 F.2d 26, 27 (9th Cir.1964). *See Ford,* 632 F.2d at 1380. What the defendant fails to recognize is that *Kennedy's* statements concerning the Double Jeopardy Clause (*e.g.,* that jeopardy attaches when a defendant begins serving his sentence) are no longer sound law. *See United States v. DiFrancesco,* 449 U.S. 117, 137, 101 S.Ct. 426, 437, 66 L.Ed.2d 328 (1980); *United States v. Andersson,* 813 F.2d 1450, 1461 (9th Cir.1987). While *Kennedy* is still relevant to Federal Rule of Criminal Procedure 35(c), *United States v. Moreno–Hernandez,* 48 F.3d 1112, 1115–16 (9th Cir.1995), the proposition for which the defendant cites it has since been rejected by the Supreme Court.

■ In *DiFrancesco,* the government appealed a sentence imposed by the district court, arguing that the district court had abused its discretion in imposing that particular sentence. The Second Circuit dismissed the government's appeal on double jeopardy grounds. 449 U.S. at 123, 101 S.Ct. at 430. The Supreme Court reversed, concluding that jeopardy does not attach to a sentence until the defendant has a legitimate expectation in the finality of his sentence. 449 U.S. at 137–139, 101 S.Ct. at 437–38.

The Ninth Circuit has acknowledged that *Kennedy's* statements regarding the point at which jeopardy attaches have been superseded by *DiFrancesco. See, e.g., Andersson,* 813 F.2d at 1461. Indeed, in *Andersson,* the circuit court held that a defendant could be resentenced even though he had begun serving his sentence. "Andersson," the court said, had "no legitimate expectation of finality in the original sentence when he has placed those sentences in issue by direct appeal and has not completed serving a valid sentence." 813 F.2d at 1461.

**B. Successive Punishments Versus Successive Prosecutions**

Some courts have assumed the continuing validity of *Von Moos. See, e.g., United States v. Stanwood,* 872 F.Supp. 791, 798 n. 2 (D.Or.1994). They have suggested, however, that *Von Moos* is distinguishable—that since it involved successive punishments, it does not apply in cases involving successive criminal prosecutions.

Typically, courts making such a distinction assume that *Von Moos* was a case involving the constitutionality of successive punishments in the same proceeding. *Stanwood,* 872 F.Supp. 791, 798 n. 2. That assumption is probably warranted. They further assume, however, that *$405,089.23* is a case involving successive criminal prosecutions. *Stanwood,* 872 F.Supp. at 798 n. 2. That assumption is certainly debatable.

■ While there are instances in which a nominally civil proceeding must be treated as a criminal prosecution, *see, e.g., Kennedy v. Mendoza–Martinez,* 372 U.S. 144, 168–69, 83 S.Ct. 554, 567–68, 9 L.Ed.2d 644 (1963), it does not appear that *$405,089.23* is one of those cases. Rather, *$405,089.23* is a case in which a civil proceeding has been held to exact punishment even though it is not a traditional criminal prosecution. *See United States v. Halper,* 490 U.S. 435, 449–50, 109 S.Ct. 1892, 1902, 104 L.Ed.2d 487 (1989).

To date, the Supreme Court has not used the criteria set forth in *Kennedy v. Mendoza–Martinez* to determine whether "*Halper*" cases are really criminal prosecutions. *Austin v. United States,* —— U.S. ——, —— n. 6, 113 S.Ct. 2801, 2806 n. 6, 125 L.Ed.2d 488 (1993). It is therefore questionable whether *$405,089.23* actually involved successive prosecutions.[2] However, since *Von Moos* and *Ford* are no longer authoritative double jeopardy cases, it is unnecessary to resolve that issue.

**2.** *But cf. Department of Revenue of Montana v. Kurth Ranch,* —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994). There, the Supreme Court was asked to decide whether a proceeding initiated by the State of Montana to collect a tax on the possession of dangerous drugs was a second punishment. *Id.* at ——, 114 S.Ct. at 1944–45. Because the Kurths were challenging a tax statute, the Court ruled that *Halper* did not apply. *Id.* at ——, 114 S.Ct. at 1948. Nonetheless, the Court concluded that the proceeding which the state had initiated to collect the tax was the "*functional equivalent* of a successive criminal prosecution...." *Id.* at ——, 114 S.Ct. at 1948 (emphasis added).

## C. When Does Jeopardy Attach?

 At what point, then, does jeopardy attach to a criminal conviction stemming from a plea of guilty? The First Circuit has held that jeopardy attaches when the court accepts the plea. *United States v. Cruz,* 709 F.2d 111, 115 (1st Cir.1983). The Ninth Circuit has followed that approach. *United States v. Smith,* 912 F.2d 322, 324 (9th Cir. 1990). Thus, in this instance, it is reasonable to conclude that jeopardy attached to the defendant's criminal convictions when he pleaded guilty.

The defendant's pleas of guilty were accepted on September 15, 1994. No civil forfeiture proceeding was pending at that juncture. Consequently, the sentences arising from those pleas of guilty were the first punishment the defendant received as a result of his criminal conduct. The imposition of those sentences did not expose the defendant to double jeopardy. *See United States v. Barton,* 46 F.3d 51, 52 (9th Cir.1995) ("Because Barton had already pleaded guilty to the criminal charges [by the time jeopardy could have attached to the civil proceedings], that criminal conviction is not now subject to a double jeopardy attack by virtue of the subsequent .civil proceedings.").

**IT IS HEREBY ORDERED:**

The defendant's motion to vacate [3] is denied.

**IT IS SO ORDERED.**

---

**3.** The motion was filed in CR–94–171–FVS as document number 46.