**UNITED STATES of America, Plaintiff,**

v.

**Randal Scott HENSON, Defendant.**

**Nos. CR 93–191–RE, CV 95–382–RE.**

United States District Court,
D. Oregon.

Nov. 15, 1995.

David T. McDonald, Cross & McDonald, Portland, OR, for Randall Scott Henson.

Randall Scott Henson, Sheridan, OR, pro se.

John C. Laing, Jr., U.S. Attorneys Office, Portland, OR, for U.S.

## ORDER

ROBERT E. JONES, District Judge.

Defendant Randal Scott Henson petitions to vacate his conviction pursuant to 28 U.S.C. § 2255, contending that his conviction violated the Double Jeopardy Clause of the Fifth Amendment. For the following reasons, Henson's double jeopardy claim must fail.

The undisputed facts show that Henson entered a guilty plea to federal criminal charges on July 20, 1993, and was sentenced on September 27, 1993. On October 4, 1993, Henson entered into an agreement with the City of Salem, Oregon, which resulted in the forfeiture of several items of property.

■ Under these facts, the doctrine of dual sovereignty is clearly applicable. *United States v. Branum*, 872 F.Supp. 801 (1994). Henson has not suggested any facts which could bring this case within the narrow *Bartkus* exception to the dual sovereignty doctrine. *Bartkus v. Illinois*, 359 U.S. 121, 123–34, 79 S.Ct. 676, 677–683, 3 L.Ed.2d 684 (1959).

■ In addition, under these facts jeopardy attached in the criminal case before the forfeiture became final. As discussed in *United States v. Faber*, 57 F.3d 873, 874 n. 2 (9th Cir.1995), jeopardy attaches when a defendant enters a guilty plea. The Ninth Circuit specifically noted that *United States v. Von Moos*, 660 F.2d 748 (9th Cir.1981), which Henson relies upon, is not applicable in this context.

Accordingly, I find that Henson's conviction did not violate the Double Jeopardy Clause, and deny the portions of his petition which relate to double jeopardy. The remaining issues raised by Henson's petition under 28 U.S.C. § 2255 are referred back to Judge Redden for decision.