87 F.3d 1324
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Herbert LINN, Defendant-Appellant.
 No. 95-36243.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Kenneth Herbert Linn appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Linn contends that his criminal conviction for cocaine distribution, conspiracy, and unlawful use of a communication facility and the subsequent forfeiture of his property constituted multiple punishments in violation of the Double Jeopardy Clause. We have jurisdiction under 28 U.S.C. §§ 1291 and 2255, and affirm.[1]
 
 
 3
 Jeopardy attaches in a criminal prosecution when the jury is empaneled and sworn. Crist v. Betz, 437 U.S. 28, 35 (1978); United States v. Kearns, 61 F.3d 1422, 1428 (9th Cir.1995).[2] The earliest that jeopardy attaches in a civil forfeiture proceeding is when the answer is filed. United States v. Barton, 46 F.3d 51, 52 (9th Cir.1994). If jeopardy attaches first in a criminal proceeding, the criminal conviction stands. Faber, 57 F.3d at 874-75.
 
 
 4
 The jury was empaneled four days before Linn filed his answer in the forfeiture proceeding. Because jeopardy attached first in the criminal proceeding, his conviction stands. See id.
 
 
 5
 Linn's challenge to the civil forfeiture on double jeopardy grounds is not cognizable in a 28 U.S.C. § 2255 proceeding. See 28 U.S.C. § 2255; see also Faber, 57 F.3d at 875.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Because we unanimously find this case suitable for decision without oral argument, we deny Linn's request for oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 [2]
 Linn contends that jeopardy attached when he began serving his sentence, citing United States v. Von Moos, 660 F.2d 748, 749 (9th Cir.1981) (per curiam), and United States v. Ford, 632 F.2d 1354, 1380 (9th Cir.1980), cert. denied, 450 U.S. 934 (1981). We have previously rejected this very argument. See United States v. Faber, 57 F.3d 873, 874 n. 2 (9th Cir.1995)