**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellant,*

v.

MOHAMMAD YOUSUF CHAUDHRY,
          *Defendant-Appellee.*

No. 09-10381

D.C. No.
3:03-cr-40210-
CRB-1

OPINION

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted
September 15, 2010—San Francisco, California

Filed January 3, 2011

Before: J. Clifford Wallace and Sidney R. Thomas,
Circuit Judges, and Richard Mills, Senior District Judge.*

Opinion by Judge Thomas

---

*The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

## COUNSEL

Kirstin M. Ault (argued) and Thomas G. Moore, Assistant U.S. Attorneys; San Francisco, California; Kirby A. Heller; United States Department of Justice; Washington, D.C.; for the appellant.

Gary K. Dubcoff; San Francisco, California; for the appellee.

## OPINION

THOMAS, Circuit Judge:

This appeal presents the question of whether we have appellate jurisdiction to review a district court's decision not to impose a provisional sentence until the defendant is competent to be sentenced. We conclude that we lack appellate jurisdiction and dismiss the appeal.

## I

Mohammad Yousuf Chaudhry was convicted on sixteen counts related to tax fraud. He submitted an ex parte applica-

tion to continue sentencing so that he could undergo a psychiatric examination, although competency had not been an issue to that point.

Chaudhry's doctor reported that Chaudhry had a "mental illness" that was "impairing his ability to understand his current legal situation" and ultimately rendered him "unable to have a rational understanding of the proceedings against him." Chaudhry then requested the district court to determine whether he was presently suffering from a mental disease or defect that required custody for care and treatment under 18 U.S.C. § 4244.

The government argued that the court should proceed under 18 U.S.C. § 4241 and determine whether there was a mental disease or defect that prevented Chaudhry from understanding the nature of the proceedings. The court agreed with the government that 18 U.S.C. § 4241 was the applicable statute and proceeded accordingly.

The court then ordered a second doctor, one of two doctors suggested by the government, to "examine [Chaudhry] and determine his mental competency." The second doctor concluded that Chaudhry did not, at that point, understand the nature of the criminal proceedings or have the ability to assist counsel in his defense. Based on this report and (at the government's suggestion) applying § 4241(d), the district court found "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and the consequences of the proceedings against him or to assist properly in his defense." The government did not object or otherwise request the opportunity to present more evidence or hold a hearing.

The district court committed Chaudhry to the custody of the Attorney General, under § 4241, "to determine whether there is a substantial probability that in the foreseeable future

he will attain the capacity to permit the proceedings to go forward." Chaudhry was committed to the Federal Medical Center in Butner, North Carolina, for evaluation.

Several months later, the government recanted its position on the applicable statute. It submitted a memorandum to the district court arguing that 18 U.S.C. § 4244 was the only section that applies to mentally ill defendants who have been convicted but not sentenced and that the court had, as a result, erred in proceeding under § 4241.

The question of which section applied was critical to determining the next procedural step. If § 4241 applied, Chaudhry would be assessed for dangerousness. If found dangerous, Chaudhry would be civilly committed; if not, he would be released. If, instead, the court proceeded under § 4244, the district court would have needed to determine whether Chaudhry's mental condition required him to be committed for mental health treatment in lieu of imprisonment; if not, the court would sentence him. If Chaudhry's condition required treatment, the court would commit him provisionally for the maximum sentence authorized by law (and to be resentenced to imprisonment if he recovered). Chaudhry objected to the government's argument that § 4244 applied to the proceedings.

The district court held two hearings on the question and, at one point, recessed for two weeks in order to permit the government to obtain documentation showing that the Attorney General agreed with its interpretation of the statutory scheme. The government never submitted the requested documentation.

In a published decision on August 17, 2009, *United States v. Chaudhry*, 646 F. Supp. 2d 1140 (N.D. Cal. 2009) (the "August Order"), the district court determined that 18 U.S.C. § 4241 governs cases where a party questions the competency of a convicted defendant to be sentenced. The court then determined that 18 U.S.C. § 4244 applies in situations where

a defendant is thought to have a mental disease or defect that, rather than rendering him incompetent to be sentenced, would require him to be committed to a mental health facility instead of imprisoned. The court had already determined that Chaudhry was incompetent to be sentenced and unlikely to be restored to competency within a reasonable period of time (findings that the government did not challenge). The district court followed 18 U.S.C. § 4241(d)'s directive to evaluate the defendant under the civil commitment statute, codified at 18 U.S.C. § 4246, and it once again ordered Chaudhry transferred to the Federal Medical Center for evaluation. The district court committed Chaudhry for 45 days (a time period later extended by 30 days at the request of the warden) and ordered the facility to file a report with the court at the end of that period "explaining whether Chaudhry 'is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.' "

The government immediately appealed the August Order. On appeal, we directed the government to show cause why the appeal should not be dismissed for lack of appellate jurisdiction, suggesting the appealed decision was not final.

During the pendency of the appeal, the district court retained jurisdiction over the case. The court explained it would hold further proceedings in the case even if Chaudhry was not rendered "dangerous" by the Federal Medical Center and, in particular, within seven-days receipt of the report from the Federal Medical Center.

On December 2, 2009, the Federal Medical Center submitted its report to the district court. The report concluded that Chaudhry was not dangerous and did not meet the criteria for civil commitment under 18 U.S.C. § 4246. On December 10, 2009, following briefing and a hearing, the district court ordered that Chaudhry be released from the Federal Medical Center ("December Order"). Because an appeal was pending,

the district court set conditions on Chaudhry's release, apparently releasing him under 18 U.S.C. § 3143 (rather than § 4246).

The government does not appeal the December Order. Instead, it appeals only the August Order and argues that the district court incorrectly concluded that 18 U.S.C. § 4241 applied, rather than 18 U.S.C. § 4244. We do not address this question, though, because we do not have jurisdiction over the government's appeal.

## II

**[1]** Generally, we have jurisdiction over the government's appeal in a criminal case when (1) the government has a right to appeal under 18 U.S.C. § 3731 and (2) the decision being appealed is a "final judgment" under 28 U.S.C. § 1291. *See United States v. Russell*, 804 F.2d 571, 573 (9th Cir. 1986).[1] But, despite 28 U.S.C. § 1291's finality requirement, "Section 3731 can, and does, make it lawful for the government to take certain appeals even though there is no final judgment." *United States v. Woodruff*, 50 F.3d 673, 675 (9th Cir. 1995); *see also United States v. Boren*, 278 F.3d 911, 913 (9th Cir. 2002). Nevertheless, we conclude that we do not have juris-

---

[1]In limited circumstances, we may also exercise jurisdiction over a criminal appeal under the Collateral Order Doctrine. Under the Doctrine, we may review decisions that "conclusively determine the disputed question; . . . resolve an important issue completely separate from the merits of the action; [and are] effectively unreviewable on appeal from a final judgment." *Flanagan v. United States*, 465 U.S. 259, 265 (1984); *see also United States v. No Runner*, 590 F.3d 962, 964 (9th Cir. 2009). The parties, however, did not address the Collateral Order Doctrine as a potential basis for our jurisdiction. The argument is therefore waived, and we decline to address it here. *See United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992); *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005). Similarly, because the government does not seek review under a petition for mandamus, we need not determine whether mandamus jurisdiction is proper. *See Bauman v. U.S. Dist. Ct.*, 557 F.2d 650 (9th Cir. 1977).

diction over the August Order under 18 U.S.C. § 3731 and that the August Order was not final for the purposes of 28 U.S.C. § 1291. As a result, we dismiss the government's appeal.

Section 3731 delineates three bases on which the government may file an appeal in a criminal case:

> In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts, or any part thereof, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

> An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

> An appeal by the United States shall lie to a court of appeals from a decision or order, entered by a district court of the United States, granting the release of a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order granting release.

> The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted.

> The provisions of this section shall be liberally construed to effectuate its purposes.

18 U.S.C. 3731. Paragraphs one and three are relevant to this case.

## A

**[2]** The first paragraph of 18 U.S.C. § 3731 permits the government to appeal any decision terminating a prosecution, as long as the Double Jeopardy Clause would not be implicated by further prosecution. *See United States v. Wilson*, 420 U.S. 332, 337 (1975); *accord United States v. Stanton*, 501 F.3d 1093, 1098 (9th Cir. 2007). This paragraph operates to confer jurisdiction when the district court's order "effectively preclude[s]" the "government's prosecution of the defendant" or is "tantamount to dismissal" of the government's case. *See United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995). Where the district court's order effectively terminates prosecution, § 1291 provides us with jurisdiction to hear appeals of those final judgments.

**[3]** We do not have jurisdiction in this case under this paragraph. It is true that the imposition of a provisional sentence is considered a final order, appealable at least by the defendant. *See, e.g.*, *Corey v. United States*, 375 U.S. 169 (1963); *United States v. Ewing*, 494 F.3d 607, 613-15 (7th Cir. 2007); *United States v. Abou-Kassem*, 78 F.3d 161, 167-68 (5th Cir. 1996); *United States v. Donaghe*, 924 F.2d 940, 942-43 (9th Cir. 1991). But the question here is whether the *refusal* to impose a provisional sentence is also a final order. *Cf. Carroll v. United States*, 354 U.S. 394, 414 (1957) (explaining that whether a decision is final is not contingent on whether "an

opposite decision would also have been final."). Under the circumstances here, we hold that it is not.

While the district court refused to impose a provisional sentence under 18 U.S.C. § 4244, it did not permanently refuse to sentence Chaudhry. Rather, it refused to sentence him for the time being because he was incompetent to be sentenced. The government cites no authority for its assertion that it has been left "without any means of proceeding to sentencing should his competency be restored"—i.e., that § 4241 does not permit the district court to reassess Chaudhry's competence after he has been released. Nor is there such authority.

**[4]** Indeed, as long as the district court and the government choose to not dismiss the indictment against Chaudhry, the government may continue to file requests for Chaudhry's competency to be reviewed. *See* 18 U.S.C. § 4241(a) (stating that a motion for a competency hearing can be filed "[a]t any time . . . prior to the sentencing of the defendant"); *United States v. Lapi*, 458 F.3d 555, 561 (7th Cir. 2006) (indicating that "the district court can reevaluate a defendant's competency . . . under 18 U.S.C. § 4241 at any time so long as a federal indictment remains pending . . ."); *United States v. Ecker*, 78 F.3d 726, 729 (1st Cir. 1996) (explaining "that a prosecutor bent on trying" a person found incompetent to stand trial once can "file a motion under section 4241 for a new evaluation of competency"); *but see* 18 U.S.C. § 4241(a) (directing the court to order an evaluation where "the defendant may presently be" incompetent). Chaudhry may someday be sentenced under this indictment and jury verdict because the district court's August Order did not end the criminal case; it only ended the criminal case *for now*.[2] Thus, since the district

---

[2]In its opening brief, the government asserts, "The absence of a formal judgment does not negate the finality of the court's order when the terms of the order—that Chaudhry would never be sentenced, provisionally or otherwise—preclude such a judgment." The government makes this assertion without citing to any authority in the record, and the August Order simply does not state nor imply that Chaudhry "would *never* be sentenced, provisionally or otherwise." (emphasis added).

court can proceed to sentencing if Chaudhry regains competency, the August Order was not "tantamount to dismissal" of the government's case. *See Cote*, 51 F.3d at 181.

The government relies on *United States v. Von Moos*, 660 F.2d 748 (9th Cir. 1981) for the proposition that we have jurisdiction to review a district court's refusal to sentence a defendant. *Von Moos* is distinguishable on a critical point. There, the district court found itself *permanently* deprived of the authority to sentence the defendant and closed the case. *Id.* at 749. Here, the district court found itself without authority to sentence the defendant only for the indefinite future. The fact that the government might be foreclosed from appealing the decision of the warden to not issue a dangerousness certificate does not imply it would be foreclosed from appealing the decision of the district court to release Chaudhry in light of the warden's decision.

**B**

**[5]** We are also without jurisdiction under the third paragraph of 18 U.S.C. § 3731. That paragraph permits the government to appeal decisions "granting the release of a person charged with or convicted of an offense." Irrespective of whether the decision is final under 28 U.S.C. § 1291, we have explained that § 3731 itself grants this court jurisdiction over such appeals. *See Woodruff*, 50 F.3d at 675 (9th Cir. 1995).

**[6]** We have never specifically invoked the third paragraph of § 3731 to authorize a government appeal. Most other circuits have not formally done so either. But a few of our sister circuits have observed that the main purpose of the third paragraph is to authorize government appeal of adverse bail determinations. *See United States v. Bayko*, 774 F.2d 516 (1st Cir. 1985) (apparently exercising jurisdiction over government appeal of an adverse bail order pursuant to this paragraph). The Second and Third Circuits have extrapolated a meaning for more general application. The Second Circuit explained

that "the term 'release' refers to a temporary period when a criminal defendant is permitted to remain free from detention while awaiting trial, sentencing, or appeal." *United States v. Peterson*, 394 F.3d 98, 102 (2d Cir. 2005). Similarly, the Third Circuit has observed that paragraph three operates to vindicate the " 'clear public interest in permitting review of release orders which may be insufficient to prevent a defendant from fleeing or committing further crimes.' " *United States v. Delker*, 757 F.2d 1390, 1390 (3d Cir. 1985) (quoting S. Rep. No. 225, at 30 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3213).

**[7]** Here, Chaudhry's continued detention pursuant to the August Order was civil, not criminal, and it did not constitute a period of release. To be sure, in the past, we have analogized commitment and detention under §§ 4241 and 4246 to a bail determination. *United States v. Godinez-Ortiz*, 563 F.3d 1022, 1028 (9th Cir. 2009). But the analogy does not help the government's appeal where the defendant, as here, is actually detained. Commitment and detention are similar to bail determinations only to the extent that commitment and detention "strip from a defendant the right to be at liberty prior to trial." *Id.* The language of § 3731 only permits the government to appeal bail decisions where the defendant is actually out of custody. *See* 18 U.S.C. § 3731. That is not the case here. The August Order merely transferred Chaudhry to another facility. Accordingly, the third paragraph of § 3731 does not provide us with jurisdiction over the government's appeal of the August Order.

## III

**[8]** The August Order was not final under 28 U.S.C. § 1291, and 18 U.S.C. § 3731 provides no basis for us to exercise jurisdiction over the government's appeal. Lacking appellate jurisdiction, we must dismiss.

**DISMISSED.**